UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LEANDRO JOSE ALAYON AGUILAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00209-CMS |
| | ) | |
| GARY STOLZER, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Leandro Jose Alayon Aguilar's Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner, a citizen of Venezuela, lived in the United States under Temporary Protected Status (TPS) from April 17, 2024, to April 2, 2025. (Docs. 2 at 1; 2-2 at 2). He is currently detained awaiting immigration proceedings. (Doc. 2 at 1). Petitioner asks the Court to issue an order "requiring Respondents to identify the legal authority and process supporting detention; and, if the Court determines that detention or the custody process is unlawful, an individualized custody hearing, release, or other relief . . . ." (Doc. 2 at 2). Because Petitioner's detention pursuant to 8 U.S.C. § 1225[1] does not violate his right to due process, the Petition for a Writ of Habeas Corpus is **DENIED**.

[1] Petitioner requests an order requiring Respondent to identify the statutory authority for his detention. But Petitioner concedes that he is still seeking admission, which places him under Section 1225, the statute authorizing his detention. *See Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

## BACKGROUND

### I. Factual Background[2]

Petitioner is neither a citizen nor a national of the United States but is a citizen of Venezuela. (Doc. 2 at 1). He entered the United States in September 2022 and received TPS on April 17, 2024. (Doc. 2-2 at 2). Petitioner's TPS ended on April 2, 2025, and Petitioner has presumably lived in the United States ever since. *Id.* Petitioner has a pending asylum application. (Doc. 2 at 1). Upon voluntarily appearing "for a routine ICE/ERO check-in," Petitioner was taken into custody on August 13, 2026, and he is now in custody at the Ste. Genevieve County Detention Center awaiting immigration proceedings. (Doc. 2 at 2). Respondent is a government official overseeing Petitioner's detention. (Doc. 2 at 1).

### II. Procedural Background

Petitioner filed the instant Petition for Writ of Habeas Corpus on September 5, 2026. (Doc. 1). He asks the Court to promptly review his Petition, issue "an order requiring Respondents to identify the legal authority and process supporting detention; and, if the Court determines that detention or the custody process is unlawful, an individualized custody hearing, release, or other relief . . . ." (Doc. 2 at 2).

Because it plainly appears from the face of the Petition that Petitioner is not entitled to relief, the Court will deny Petitioner's application without issuing a show cause order to Respondent. *See* 28 U.S.C. § 2243; *Perez Rodriguez v. Warden*, No. 1:26-cv-149-ZMB, 2026 WL 1853286, at *1 (E.D. Mo. June 26, 2026) (dismissing immigration habeas petition without issuing

[2] The Court presumes that the facts alleged in the Petition are true for purposes of deciding the Petition.

show cause order to respondents when it "plainly appears that [petitioner] is not entitled to relief."); *see also* Rules Governing § 2254 and § 2255 Proceedings, Rules 1(b), 4.[3]

**DISCUSSION**

Petitioner apparently requests the Court order Respondent to "identify the statutory basis for detention . . . ." because he believes detainees are entitled to an individualized determination pending removal. (Doc. 2 at 1). Multiple times, this Court has analyzed such a claim and concluded that mandatory detention under 8 U.S.C. § 1225 without an individualized determination does not violate due process. *See, e.g.*, *Negrete Ramirez v. Noem*, No. 1:25-CV-206-CMS, 2026 WL 251725, at *4–5 (E.D. Mo. Jan. 30, 2026); *Zhuang v. Bondi*, No. 1:25-CV-201-CMS, 2026 WL 352872, at *5 (E.D. Mo. Feb. 9, 2026); *Hanslick Moran v. Warden*, No. 1:26-CV-83-CMS, 2026 WL 1693766, at *1–2 (E.D. Mo. June 11, 2026) (finding that mandatory detention did not violate the due process rights of a petitioner with an asylum claim). Thus, it plainly appears from the face of the Petition that Respondent has not denied Petitioner due process by detaining him without an individualized determination pending removal proceedings.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion to Stay Transfer (Doc. 3) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Petitioner's Motion to Expedite Consideration of Petition for Writ of Habeas Corpus (Doc. 4) is **DENIED** as moot.

---

[3] Respondent nonetheless filed his Response to the Petition on September 22, 2026. (Doc. 7).

The Clerk of Court is directed to mail a copy of this order to Petitioner.

Dated this 23rd day of September 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE